# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY NICHOLS,       )
      )
         Plaintiff,       )
      )
v.       )      Case No. CIV-24-813-PRW
      )
PROGRESSIVE DIRECT INSURANCE       )
COMPANY,       )
      )
         Defendant.       )

## ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Dkt. 28). This matter has been fully briefed and is ripe for decision. For the reasons that follow, Plaintiff's Motion (Dkt. 28) is **DENIED**.

### *Background*

This action arises from an insurance claim after Plaintiff's car caught fire. After submitting his claim to Defendant, Plaintiff alleges that Defendant failed to handle his claim in good faith, subjecting him to an unreasonable fraud investigation. Plaintiff originally brought this action alleging Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing. However, subsequent to filing this action, Defendant paid for the repair of Plaintiff's vehicle in excess of the preliminary estimate in Plaintiff's Complaint. Accordingly, Plaintiff now seeks only attorney's fees and filing costs as to his Breach of Contract Claim.

### *Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, a court must view all facts and reasonable inferences in the light most favorable to the nonmovant.[1] Courts are not to weigh the evidence and determine the truth of the matter asserted, but instead are to determine only whether there is a genuine dispute for trial before the fact-finder.[2] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[3] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue for either party.[4]

When, as here, the nonmoving party has the ultimate burden of persuasion at trial, the moving party "has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."[5] "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at

---

[1] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[3] *Id.* at 248.

[4] *Id.*

[5] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002*), as amended on denial of reh'g* (Jan. 23, 2003) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

trial."[6] "Once the moving party points out the absence of evidence to create a 'genuine issue' of a 'material fact' on which the non-moving party bears the burden of proof at trial, . . . [t]he non-moving party must set forth specific facts showing there is a genuine issue for trial."[7]

### *Analysis*

### I.    **Plaintiff is not entitled to attorney's fees and costs at this stage.**

Plaintiff essentially demands attorney's and filing fees because he was not paid until after he filed this action, presumably indicating that this action was the cost of getting Progressive to hold up its end of the insurance policy. However, Plaintiff has provided no evidence to the Court that the filing of this action caused Progressive to issue payment. Only in his Reply does Plaintiff identify a legal basis for his claim for fees and costs, citing 36 O.S. § 3629(b) for the proposition that he is entitled to attorney's fees and Federal Rule of Civil Procedure 54 in favor of his award for costs. However, 36 O.S. § 3629(b) only allows for an award "[u]pon a judgment rendered to either party[.]" Because resolving this Partial Motion for Summary Judgment would not render final judgment in favor of either party, the Court cannot award attorney's fees as this stage. Further, Rule 54(d) only permits the award of costs after final judgment.[8] So, again, at this stage the Court could not provide such relief even if Plaintiff were entitled to it as a matter of law.

---

[6] *Id.*

[7] *Otis v. Canadian Valley-Reeves Meat Co.*, 884 F. Supp. 446, 449–50 (W.D. Okla. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995) (citing *Anderson*, 477 U.S. at 248).

[8] *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981).

## II.   Plaintiff has not shown Progressive acted in bad faith in handling Plaintiff's claim.

"To succeed on a bad faith claim, 'the *insured* must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim.'"[9] Plaintiff provides no caselaw to assist the Court in determining that, as a matter of law, Progressive acted unreasonably in handling Plaintiff's claim. Instead, Plaintiff provides the testimony of a former Progressive employee who details her opinion of what a reasonable handling of a claim would be. This testimony does not settle the question as a matter of law, and if admitted at trial would only assist the jury in determining whether Defendant's actions were reasonable.[10] What the Court knows at this stage is that the fire occurred on May 31, 2024, and Defendant issued payment for the claim a month and a half later on July 15, 2024. Shortly after Plaintiff submitted his claim, he consented to Defendant running a credit check, wherein Defendant discovered that Plaintiff had missed 15 car payments on the damaged car over the previous 30 months, and that Plaintiff had begun shopping for a new car in the days leading up to

---

[9] *Shotts v. GEICO General Insurance Co.*, 943 F.3d 1304, 1314 (10th Cir. 2019) (quoting *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993) (emphasis added).

[10] *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 612 (10th Cir. 1994) (holding that "the essence of the tort of bad faith by an insurer is 'bad-faith conduct, including the unjustified withholding of payment due under a policy, *and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.*'" *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981) (emphasis added)).

4

the fire. Plaintiff asserts that because Progressive did not disclose that the reason for requesting Plaintiff's consent to run a credit check was for the purpose of running a fraud investigation, that renders Defendant's withholding of immediate payment unreasonable.[11] The Court, however, finds that the credit check to which Plaintiff consented could allow a reasonable jury to conclude Defendant had a good-faith basis for withholding immediate payment.

For the reasons given, Plaintiff's Motion (Dkt. 28) is **DENIED**.

**IT IS SO ORDERED** this 13th day of January 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[11] Plf.'s Reply (Dkt. 37), at 3.