## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY NICHOLAS,                    )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )        Case No. CIV-24-813-PRW
                                     )
PROGRESSIVE DIRECT INSURANCE         )
COMPANY,                             )
                                     )
                 Defendant.          )

## ORDER

Before the Court is Defendant's Motion to Exclude Testimony of Plaintiff's Witness Deborah C. Rankin (Dkt. 30). This matter has been fully briefed and the Court heard argument on the Motion on March 30, 2026. For the reasons that follow, Defendant's Motion (Dkt. 30) is **GRANTED**.

### *Background*

This action arises from an insurance claim related to a vehicle fire that occurred on May 31, 2024, in Arkansas while Plaintiff Anthony Nicholas was driving from Tennessee to Oklahoma. Plaintiff submitted a claim to Defendant Progressive Direct Insurance Company that same day. Plaintiff alleges that Defendant failed to handle the claim in good faith and improperly subjected him to a fraud investigation. Plaintiff has retained Rankin as an expert related to Progressive's handling of Plaintiff's comprehensive coverage claim. Rankin's expert report outlines her opinions on standards she asserts form the basis for properly handling insurance claims and Progressive's failure to follow those standards.

1

### *Legal Standard*

Federal Rule of Evidence 702 requires district court judges to gatekeep expert testimony, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."[1] The district court must first determine whether the proffered "expert is qualified by knowledge, skill, experience, training, or education to render an opinion."[2] Then, should the court find the expert qualified, the court must assess the underlying reasoning and methodology that forms the basis of the expert's opinion to determine if such an opinion is reliable.[3] It is the proffering party's burden to show his expert's testimony is admissible.[4] Further, the district court must satisfy itself that the expert's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."[5]

### *Analysis*

**I.      Rankin is not qualified to provide expert testimony in this case.**

Rankin worked as a licensed insurance adjuster for thirty-three years, retiring from State Farm Insurance in 2016.[6] Rankin represents that she has evaluated hundreds of uninsured/underinsured motorist claims, trained other insurance adjusters on claims

---

[1] *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).

[2] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (internal quotation marks excluded) (quoting Fed. R. Evid. 702).

[3] *Id.* (internal citations omitted).

[4] *Id.* (internal citations omitted).

[5] *Daubert*, 509 U.S. at 589 (quoting Fed. R. Evid. 702).

[6] Plf.'s Expert Report (Dkt. 30, Ex. 1), at 1.

handling, and facilitates continuing education classes related to UM/UIM claims.[7] While Rankin states she handled hundreds of property claims earlier in her career,[8] Defendant notes the last such claim she handled was in 1995.[9]

The Court finds that Rankin is likely not qualified to offer expert testimony in this case. Rankin has been admitted as an expert in another case in this district, though that case dealt with an action for bad faith breach of a UM/UIM motorist policy.[10] This case doesn't involve a UM/UIM claim, but rather a comprehensive property claim. Plaintiff argues that Defendant has not shown that the distinction makes a material difference. But at the pretrial hearing, counsel for Defendant argued that the type of comprehensive claim at issue here is covered under a different term of coverage of an insurance policy than the UM/UIM claims Rankin handled throughout her career. Plaintiff merely replied that though it's been approximately thirty years since she last handled a comprehensive claim, she still has testified as an expert in cases that deal with bad faith and which include issues that would be relevant to those that will arise here.

The Court is unconvinced that Plaintiff has met his burden to show that Rankin's experience is sufficiently timely to qualify her as an expert in testifying to the claims handling process for comprehensive claims such as this. In reviewing the cases in which

---

[7] *Id.*

[8] *Id.* at 2.

[9] *Daubert Mot.* (Dkt. 30), at 7.

[10] *Graves v. Pennsylvania Manufacturers' Indemnity Co.*, Case No. CIV-19-60-SLP, 2019 WL 10058881, at *3 (W.D. Okla. Oct. 24, 2019).

Rankin represents she's provided expert testimony, it appears none of these cases were related to comprehensive claims like the one in this case. None of this is to say that Rankin might not be qualified to testify as an expert in a UM/UIM case—indeed, she has been—but that isn't this case.

Further, based on a review of the five cases disclosed by Rankin, the Court was unable to locate the first she listed, *Sweat v. Zurich*, as the Bryant County case related to Case Number CJ-2020-247 is actually captioned *Midland Credit Management v. Brackett* and was a debt collection case.

## II.    Rankin's opinions are not reliable.

Even if the Court found Rankin qualified to opine on the issues in this case, the Court does not find Rankin's methodology and reasoning reliable, for the simple reason that it isn't clear to the Court how Rankin arrived at her reported conclusions. Rankin's report fails to cite any specific industry standards to which insurers are to be held. Rankin vaguely states that "[insurance] standards are based on multiple sources that work together to result in best practices."[11] She goes on to say that those standards "are based on state law, state case law, industry training and best practices[,]" but other than a cursory cite to the Unfair Claims Settlement Practices Act, Rankin does not further develop the foundation for the industry standards with which she contrasts Progressive's actions.[12] Further, the Court is uncomfortable with admitting Rankin as an expert because, as Defendant notes in

---

[11] Plf.'s Expert Report (Dkt. 30, Ex. 1), at 5.

[12] *Id.* at 5–6.

her report, she misstates Oklahoma law in arguing that insurance adjusters are required to be licensed in Oklahoma and meet venue-specific training requirements.[13] These are not blanket rules, and Rankin's opinion did not consider whether the exceptions listed in 36 O.S. §§ 6203(8) and 6208 would apply to the adjuster in this case.

In sum, Plaintiff has not shown that Rankin's "testimony is based on sufficient facts or data" due to her failure to provide the bases for her opinions in anything but the most generalized terms.[14] Further, Plaintiff has failed to show Rankin's "opinion[s] reflect[] a reliable application of [] principles and methods to the facts of the case" due to her inability to properly interpret Oklahoma law related to adjuster licensing.[15]

## III.    Rankin's testimony will not assist the triers of fact to determine the facts in issue.

Finally, Plaintiff has failed to demonstrate how Rankin's testimony will "help the trier of fact to understand the evidence or to determine a fact in issue[.]"[16] The question in this case is whether Progressive "unreasonably, and in bad faith," withheld payment of Plaintiff's claim.[17] Bad faith is a common law tort that requires the judgment of "reasonable, prudent [people.]"[18] The jury will be called upon to consider the facts of the

---

[13] *Daubert* Motion (Dkt. 30), at 4–5.

[14] Fed. R. Evid. 702(b).

[15] Fed. R. Evid. 702(d).

[16] Fed. R. Evid. 702(a).

[17] *McCorkle v. Great Atlantic Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981) (internal citation omitted).

[18] *Grand Trunk Ry. Co. of Canada v. Ives*, 144 U.S. 408, 417 (1892) ("The policy of the law has relegated the determination of such questions to the jury, under proper instructions from the court. It is their province to note the special circumstances and surroundings of

case and apply its own conceptions of reasonableness to them in rendering its verdict. The jury is not required to determine the reasonableness of Progressive's actions with respect to any industry standards. That isn't to say that failure to comport with industry standards can never be probative of bad faith, but when those "industry standards" are based on amorphous, vague, and sometimes incorrect references to supposedly governing laws, the testimony is more likely to confuse the jury than aid it.

### *Conclusion*

For these reasons, the Court **GRANTS** Defendant's Motion (Dkt. 30) and **EXCLUDES** Rankin's testimony.

**IT IS SO ORDERED** this 31st day of March 2026.

_____

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

each particular case, and then say whether the conduct of the parties in that case was such as would be expected of reasonable, prudent men, under a similar state of affairs.").